388 So.2d 31 (1980)
Anthony DE LOACH, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-1062.
District Court of Appeal of Florida, Third District.
September 16, 1980.
*32 Anthony De Loach, in pro. per.
Jim Smith, Atty. Gen., for appellee.
Before HUBBART, NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
The defendant appeals from a summary denial of his motion to vacate, made pursuant to Florida Rule of Criminal Procedure 3.850, his conviction of first degree murder.
The contention advanced is that the trial court denied the defendant an evidentiary hearing so as to enable him to establish the ineffective assistance of his court-appointed counsel on the alleged ground that his counsel did not specifically advise him with respect to the element of premeditation in his prosecution for first degree murder.
Having examined the record, we determine that the flaw in defendant's argument is that he ignores the fact that he was indicted for first degree felony (burglary or robbery) murder. It is well established that the commission of a homicide in conjunction with the intent to commit a felony supplants the premeditation or malice aforethought classically required in a first degree murder prosecution. Fleming v. State, 374 So.2d 954, 956 (Fla. 1979); Adams v. State, 341 So.2d 765 (Fla. 1976), cert. denied, 434 U.S. 878, 98 S.Ct. 232, 54 L.Ed.2d 158 (1977). Since the state did not have the obligation to show premeditation, the fact that the defendant was not advised with respect to it is irrelevant.
Further examination of the plea colloquy demonstrates that: (1) the defendant's guilt was established under his admitted version of the facts; (2) his negotiated plea to the first degree felony murder indictment was in exchange for a concurrent life sentence to run with the sentences imposed on the burglary and robbery counts; (3) his plea was freely and voluntarily made; and (4) his court-appointed counsel was satisfied with the plea.
Affirmed.